**Russell FORD, Petitioner–Appellant,**

v.

**Willie THOMAS, Attorney General
of the State of Alabama,
Respondents–Appellees.**

No. 10–12677
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 13, 2011.

Raymond J. Hawthorne, Law Office of Raymond J. Hawthorne, Montgomery, AL, for Petitioner–Appellant.

Yvonne A.H. Saxon, Troy King, Alabama Attorney General, Montgomery, AL, for Respondents–Appellees.

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Russell Ford, a Florida state prisoner proceeding through counsel, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as time-barred. Ford filed a notice of appeal, and the district court granted him a certificate of appealability (COA) as to whether he had "made a substantial showing of the denial of a constitutional right with respect to his claims related to newly discovered evidence and alleged destruction of evi-

dence." Ford contends Alabama's post-conviction relief procedures are "fundamentally inadequate to vindicate [his] substantive rights" because the district attorney destroyed evidence, in bad faith and in violation of the Due Process Clause, which could have substantiated his claim of actual innocence.

A federal habeas petitioner must obtain a COA from the district court to appeal the denial of his § 2254 habeas petition. 28 U.S.C. § 2253(c)(1)(A). However, "[w]hen a district court dismisses a petition as time-barred, it is inappropriate to grant a COA on the [underlying] constitutional claim...." *Ross v. Moore*, 246 F.3d 1299, 1300 (11th Cir.2001).[1]

In light of the district court's untimeliness ruling, it was inappropriate to grant a COA on the issue of whether Ford had "made a substantial showing of the denial of a constitutional right with respect to his claims related to newly discovered evidence and alleged destruction of evidence." Accordingly, we vacate the order granting a COA and remand to the district court for the limited purpose of considering whether a COA should be granted on the question of whether Ford's § 2254 petition is time-barred.

**VACATED AND REMANDED.**

---

1. In *Ross* we vacated the order granting a COA and remanded to the district court "for the limited purpose of considering whether a COA should be granted on the question of whether appellant's habeas petition is time-barred." *Id.*